# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JOSHUA JOHN PANGELINAN, aka JOSHUA J.P. TEDTAOTAO,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS, and MARK ANDERSON,<br><br>Defendants. | CIVIL CASE NO. 23-00016<br><br>**ORDER SCREENING COMPLAINT** |

This matter is before the court on an Application to Proceed Without Prepaying Fees or Costs (the "Application") filed by Plaintiff. *See* ECF No. 4. Plaintiff supplemented his Application with additional copies of the same form, filed July 6, 2023 and July 7, 2023, respectively. *See* ECF Nos. 5 & 6. The court will construe these filings together as one application to proceed *in forma pauperis* ("Application").

Plaintiff also filed a Motion for Appointment of Counsel (ECF No. 9) on July 17, 2023, in which he requests the court appoint him counsel in this matter.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Plaintiff is proceeding in this action *pro se*, without an attorney. Plaintiff requests to

proceed *in forma pauperis*, meaning without paying the required filing fee.[1] Section 1915(a)(1) of Title 28, United States Code permits a court to authorize a person to commence a civil action without prepaying the required filing fee if said person "submits an affidavit [stating] that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1).[2]

Based on the Application, the court finds that Plaintiff has no income or assets.[3] While it appears that Plaintiff has demonstrated that he does not have the resources to pay the filing fee, this does not end the court's inquiry. The court must still subject the Plaintiff's Complaint to mandatory screening before allowing the case to move forward and issue summons, requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*).

**II.     SCREENING COMPLAINT**

**A.  Legal Standards**

Pursuant to 28 U.S.C. § 1915(e), the court is required to review the complaint and dismiss the case if the court determines that the action is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1126–27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (stating that although *pro se* pleadings are liberally construed, a plaintiff must

---

[1] Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $402 filing fee is required from the party instituting any civil action in federal court.

[2] Under this statute, federal courts can authorize the filing of a lawsuit without prepayment of fees or security by a person who submits an affidavit that includes a statement setting forth all the person's assets and demonstrates an inability to pay such costs or give such security.

[3] The court notes that under "Other Income," Plaintiff has checked neither "yes" nor "no" next to any of the listed sources of income. *See* Appl. at 1, ECF No. 4. In light of Plaintiff's indication that he has no funds in his prison trust account, the court construes the Application as claiming no other sources of income. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020) (the court must "construe pro se pleadings liberally") (internal quotation omitted).

1 allege facts sufficient to state a plausible claim). A complaint may be dismissed as a matter of
2 law for failure to state a claim either because the plaintiff fails to state a cognizable legal theory,
3 or the plaintiff has alleged insufficient facts under a cognizable legal theory. *Balistreri v.*
4 *Pacifica Police Dep't*, 901 F.d 696, 699 (9th Cir. 1990).

When screening a complaint, the court is mindful that allegations of a *pro se* complaint are held to less stringent standards than the pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations marks and citation omitted); *Hebbe*, 627 F.3d at 342 n.7 (finding that liberal construction of *pro se* pleadings is required after *Ashcroft v. Iqbal*, 556 U.S. 662 (2007)). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

A complaint must meet the requirements of Federal Rule of Civil Procedure 8, which mandates that a complaint include:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Section 1983 of Title 42 of the United States Code provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the

United States. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Complaint

Here, Plaintiff submitted a "Complaint for Violation of Civil Rights" form. *See* ECF No. 1. Section II of the form asked "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials," and Plaintiff wrote "Humanitary Rights, Constitutional Rights, Civil Rights." Compl. at 3, ECF No. 1. The form also inquired "how each defendant acted under color of state or local law." *Id.* at 4. In response, Plaintiff refers the court to an attached Statement of Facts. *Id.* In the Statement of Facts, Plaintiff alleges several incidents of retaliation against him by Department of Corrections (DOC) officials. *Id.* at 10–14.

Taking the Complaint and Statement of Facts together and construing broadly in light of Plaintiff's pro se status, the court reads the Complaint as alleging civil rights violations based on the following:

- Defendant Mark Anderson's improper medical treatment of Plaintiff's right middle finger;

- Unnamed DOC security officials transferring Plaintiff from a minimal housing unit to "Medical Unit Post #4" without cause;

- Defendants Frank Taianao and Allan Borja transferring Plaintiff from Medical Unit Post #4 to "Zone 9" without cause, thus exposing him to COVID-19 infection;

- Defendant Allan Borja creating a conflict of interest by forcing Plaintiff to be evaluated by Defendant Anderson in order to return to a minimal housing unit;

- Officer G.Q. Cruz and other DOC officers making bets with each other about finding ways to remove Plaintiff from the minimal housing unit;

- Officer G.Q. Cruz fabricating evidence that Plaintiff had contraband in his cell;

- The Disciplinary Board preventing Plaintiff from presenting evidence at his disciplinary hearing concerning said contraband;
- DOC withholding Plaintiff's legal mail.

Plaintiff seeks monetary damages from the Defendants. *Id.* at 5.[4] He also seeks "[f]or the person and people who has went against the policies, proceed, rules and regulation of Guam Department of Corrections and abused there power to be held fully accountable and to understand that no one is above the law." *Id.*

### 1. Defendant Mark Anderson's improper medical treatment

    a. <u>Sufficient Facts</u>

        *i. Short Plain Statement of Claim*

Plaintiff alleges only "Damage to my right middle finger due to not having proper medical treatment." Compl. at 5, ECF No. 1. Plaintiff's treatment by Defendant Anderson was the subject of his prior lawsuit in this court, Civil Case No. 21-00016. However, this is a new lawsuit, so Plaintiff must explain the facts about this claim in the new Complaint. *See* Fed. R. Civ. P. 8(a)(2). Plaintiff must state what Defendant Anderson did that constituted improper medical treatment in order to allege sufficient facts to support his claim.

        *ii. Color of State Law*

Plaintiff has also failed to show how Defendant Anderson was acting under color of state law. "[W]hether a[n] . . . officer is acting under color of state law turns on the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of

---

[4] When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002) ("In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'") (quoting *Heck*, 512 U.S. at 487 n.6). Here, Plaintiff's complaint does not implicate the validity of his sentence. As such, he has no obligation to demonstrate how his conviction or sentence has already been invalidated.

his official duties." *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) (internal quotation marks and citations omitted).

> It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.

*West v. Atkins*, 487 U.S. 42, 49–50 (1988). Plaintiff has provided no information about who Defendant Anderson is, beyond that he is an employee of the Guam Department of Corrections. *See* Compl. at 2, ECF No. 1. He has also provided no information about whether Defendant Anderson was acting in his official capacity, or how he allegedly abused his position. To avoid dismissal, Plaintiff must explain how Defendant Anderson was acting under color of state law.

b. Cognizable Legal Theory

i. *Constitutional Right*

As explained by the United States Supreme Court, § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Instead of stating which constitutional or federal statutory right of his was allegedly violated, Plaintiff stated generally "Humanitary Rights, Constitutional Rights, Civil Rights."

That is not to say that a medical complaint does not have constitutional implications. "An inmate's complaint of inadequate medical care amounts to a constitutional violation if the inmate alleges 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, to state a cognizable legal theory, Plaintiff must state *which* of his constitutional rights have been violated and detail how he was the victim of "deliberate indifference."

*ii. Official Capacity*

Plaintiff sues Defendant Anderson in both his individual and official capacities. Compl. at 2, ECF No. 1. Plaintiff brought suit under 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Therefore, he "must allege facts which show a deprivation of a right, privilege, or immunity secured by the Constitution or federal law by a *person* acting under color of the laws of any state or territory." *Bermudez v. Duenas*, 936 F.2d 1064 (9th Cir. 1991) (emphasis added).

The United States Supreme Court's holding in *Ngiraingas v. Sanchez*, 495 U.S. 182 (1990), however, makes clear that any of Plaintiff's claims for money damages against the Department of Corrections or Dr. Anderson in his official capacity cannot succeed. The Court concluded in *Ngiraingas*, "We hold that neither the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983." *Id*. at 192.

In this case, Guam law established the Department of Corrections as part of the Government of Guam. *See* 9 Guam Code Ann. ch. 90. Therefore, the Department of Corrections and its employees acting in their official capacities are not "persons who would be liable under § 1983." *Ngiraingas*, 495 U.S. at 192.

This situation was previously addressed by the Ninth Circuit in *Bermudez v. Duenas*, where an inmate convicted under Guam law filed a § 1983 case against members of the Parole Board, his Department of Corrections social worker and other Department of Corrections officials. The Ninth Circuit affirmed the dismissal of the § 1983 action, stating that "the district court properly dismissed the action against the defendants acting in their official capacities for failure to state a claim." *Id*. at 1066.

As such, Plaintiff's claim for money damages against Defendant Anderson in his official capacity does not form a legally cognizable claim.

**2. Unnamed DOC security officials transferred Plaintiff to "Medical Unit Post #4" without cause**

    a. <u>Sufficient Facts</u>

        *i. Short Plain Statement of Claim*

Plaintiff alleges that after informing DOC of his prior lawsuit against Defendant Anderson and requesting medical care from a different doctor, he was transferred from a minimal housing unit to a medical unit "by security officials which only a medical phycisan [sic] is auturized [sic] to put anyone on any medical status." Compl. at 10, ECF No. 1.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). To comply with Rule 8, a plaintiff must set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Plaintiff does not state who the "security officials" are. Plaintiff needs to state which of the Defendants transferred him. If none of the Defendants transferred Plaintiff to the medical unit, Plaintiff needs to add the person responsible as an additional defendant in order to state a claim.

        *ii. Constitutional Right*

Plaintiff seems to be alleging he was transferred from his minimal housing unit to the Medical Unit in retaliation for his prior lawsuit. The State can retain discretion to transfer a prisoner for whatever reason or for no reason at all. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). However, this discretion cannot be exercised in order to retaliate against a prisoner. *Gomez v. Vernon*, 255 F.3d 1118, 1127–28 (9th Cir. 2001) (upholding district court's finding

that Idaho Department of Corrections retaliated against inmate as a matter of law based on threats to transfer the inmate to another facility).[5]

"To succeed on his retaliation claim, [Plaintiff] need not establish an independent constitutional interest in [] assignment to a given prison [], because the crux of his claim is that state officials violated his First Amendment rights by retaliating against him for his protected speech activities." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (emphasis omitted).

"The most fundamental of the constitutional protections that prisoners retain are the First Amendment rights to file prison grievances and to pursue civil rights litigation in the courts." *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017) (finding no distinction between a formal and informal grievance.). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Plaintiff's Complaint for Violation of Civil Rights in his prior lawsuit (Civil Case No. 21-00016, ECF No. 1) is therefore a form of speech protected by the First Amendment. As such, Plaintiff has a constitutional right under the First Amendment to be free from retaliation for submitting a grievance.

> A viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes*, 408 F.3d at 567–68. "[M]ere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014); *see also Callegari v. Cambra*, 223 F. App'x 681, 682 (9th Cir. 2007) (affirming that plaintiff failed to present evidence of any statements made, or other actions taken, by defendant that could support an inference of a

---

[5] At this time the court will not address whether Plaintiff's transfer to other units within the *same* prison is comparable to a retaliatory transfer to a *different* prison.

retaliatory motive). The fourth element may also be satisfied by an allegation of harm other than a chilling effect. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) (to be actionable retaliation claim must contain allegation of other harm if no chilling effect alleged).

"Timing of a transfer can properly be considered as circumstantial evidence of retaliatory intent, but it is not enough to determine retaliatory motive." *Pratt*, 65 F.3d at 808; *compare Shepard v. Quillen*, 840 F.3d 686, 690 (9th Cir. 2016) (adverse action was taken when plaintiff was transferred on the same day he issued a complaint) *with Gronquist v. Cunningham*, 747 F. App'x 532, 534 (9th Cir. 2018) (transfer more than a year after plaintiff filed his initial grievances did not constitute adverse action).

Plaintiff should begin by clarifying why he thinks he was retaliated against with this transfer. Next, Plaintiff does not indicate when he informed DOC about his lawsuit, which might have provided a basis to find retaliatory intent. Plaintiff also does not allege a harm or chilling effect. In order to satisfy the fourth element of a retaliation claim, Plaintiff must describe how the transfer to the medical unit either negatively harmed him, or chilled his speech. Additionally, Plaintiff fails to plead the fifth requirement of a retaliation claim, that there be no legitimate correctional goal to be reasonably advanced by the adverse action. Plaintiff states that he tested negative for COVID-19 while at Medical Unit Post #4, but does not state that there was no reason for him to be transferred there in the first place. *See* Compl. at 10, ECF No. 1. Plaintiff similarly states that his transfer was made without the proper authorization, but does not state that there was no other reason he might have been transferred there for a medical reason. *See id.* Plaintiff must provide more specific facts about his transfer from minimal housing to the medical unit in order to state a claim.

### 3. Defendants Frank Taianao and Allan Borja transferred Plaintiff to "Zone 9" without cause

Plaintiff alleges that he was transferred from Medical Unit Post #4 to "Zone 9," a quarantine area for inmates who were infected with COVID-19, despite having tested negative for COVID-19 the day before. Compl. at 10, ECF No. 1.

#### a. Sufficient Facts

Plaintiff seems to be alleging another retaliation claim here. But, as stated above, Plaintiff must clarify that he is alleging retaliation for exercising his First Amendment right by filing his prior lawsuit, or some other right if he is alleging another type of violation. As with the prior claim, Plaintiff should also indicate when he informed DOC about his lawsuit, which might have provided a basis to find retaliatory intent for this second transfer. As of now, Plaintiff has not provided sufficient facts to state a claim.

#### b. Cognizable Legal Theory

##### i. Caption

It is not clear from Plaintiff's complaint whether or not he is suing Frank Taianao and Allan Borja. In the caption on the first page of his complaint, Plaintiff has written "Department of Corrections AND Dr. Mark Anderson." *See* Compl. at 1, ECF No. 1. On pages 2 and 3 of the complaint form, Plaintiff has listed Dr. Mark Anderson, Frank Taianao, and Allan P. Borja as defendants. *See* ECF No. 1. Each defendant must be listed in the caption. *See* Fed. R. Civ. P. 10(a); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992). If Plaintiff files an amended complaint, he must clarify who the defendants are in this action.

##### ii. Official Capacity

Plaintiff sues Defendants Taianao and Borja in both their individual and official capacities. Compl. at 2–3, ECF No. 1. Just as discussed above concerning Defendant Anderson,

*see supra* Sec. II.B.1.b.ii, Plaintiff's claim for money damages against Defendants Taianao and Borja in their official capacities does not form a legally cognizable claim.

### 4. Defendant Borja forced Plaintiff to be evaluated by Defendant Anderson

#### a. Sufficient Facts

A doctor treating a patient who is suing them may create a conflict of interest. *See* American Med. Ass'n, Op. 11.2.2, https://perma.cc/9HK5-CQ93 (last visited Aug. 9, 2023) ("Under no circumstances may physicians place their own financial interests above the welfare of their patients."). But, as noted above, Plaintiff must state how he was harmed or his speech chilled in order to state a retaliation claim. Plaintiff has not alleged that Defendant Anderson's care in approving his return to minimal housing was inadequate or harmful in any way. Plaintiff has also not alleged an absence of a legitimate correction goal either for Plaintiff being seen by Defendant Anderson or by Defendant Borja's refusal to find an alternate doctor.

#### b. Cognizable Legal Theory

##### i. *Official Capacity*

As discussed above, *see supra* Sec. II.B.1.b.ii, Plaintiff's claim for money damages against Defendant Borja in his official capacity does not form a legally cognizable claim.

### 5. Officer G.Q. Cruz and other DOC officers made bets with each other about Plaintiff

#### a. Sufficient Facts

Plaintiff alleges that "a handful of officers," including Officer Cruz, "were placing money bets for which officer could find any way to place me in confinement and remove me from my minimum housing unit." Compl. at 12, ECF No. 1. Correctional officers making bets with each other about finding ways to remove Plaintiff from minimal housing would be evidence of retaliatory intent. However, Plaintiff does not tie this allegation of intent to retaliate against him

to any particular adverse action. Additionally, Officer Cruz is not named as a defendant in this lawsuit. Plaintiff must explain why Officer Cruz's actions should be attributed to any of the named defendants in order to state a claim.

### 6. Officer Cruz fabricated evidence that Plaintiff had contraband

#### a. Sufficient Facts

##### i. *Named Parties*

Plaintiff alleges that Officer Cruz forced another inmate to write a statement that a contraband cell phone found in his cell actually belonged to Plaintiff. Compl. at 12, ECF No. 1. As stated above, Officer Cruz is not named as a defendant in this lawsuit. In order for his actions to form the basis of a claim, Plaintiff must explain why his actions are attributable to one of the named defendants, or add Officer Cruz as a defendant.

#### b. Cognizable Legal Theory

##### i. *Constitutional Right*

"Deliberately providing false evidence that results in criminal charges or certain administrative penalties can give rise to a due process claim where there was a resulting deprivation of liberty." *Harris v. Borquez*, 2023 U.S. Dist. LEXIS 37836, at *9–*10 (E.D. Cal. Mar. 7, 2023) (citing *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001).

Plaintiff must state what right or rights he is alleging was violated here. He alleges that Officer Cruz had a motive to retaliate against him, but Plaintiff must clarify if he is alleging a First Amendment retaliation claim, a violation of his right to due process, or both.

**7. The Disciplinary Board prevented Plaintiff from presenting evidence at his disciplinary hearing**

  a. <u>Sufficient Facts</u>

    i. *Short Plain Statement of Claim*

Plaintiff alleges that, at the disciplinary hearing about his supposed possession of the contraband cell phone, the Disciplinary Board refused his request to call a witness and present evidence. Compl. at 13, ECF No. 1. It is neither clear who the members of the Disciplinary Board are nor if they include any of the named defendants.

It is also not clear from Plaintiff's complaint whether or not he is suing the DOC itself. In the caption on the first page of his complaint, Plaintiff has written "Department of Corrections AND Dr. Mark Anderson." *See* Compl. at 1, ECF No. 1. On pages 2 and 3 of the complaint form, Plaintiff has only listed Dr. Mark Anderson, Frank Taianao, and Allan P. Borja as defendants. *See* ECF No. 1. If Plaintiff files an amended complaint, he must clarify who the defendants are in this action. *See* Fed. R. Civ. P. 10(a); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992).

  b. <u>Cognizable Legal Theory</u>

    i. *Official Capacity*

If this claim is only against the DOC, as discussed above Sec. II.B.1.b.ii, it cannot go forward because the DOC is not a "person" for purposes of § 1983.

**8. DOC withheld Plaintiff's legal mail**

  a. <u>Cognizable Legal Theory</u>

    i. *Official Capacity*

Plaintiff alleges "The Department held my legal court documents I was sent via postal by the District Court and had the legal mail returned as undeliverable." Compl. at 13, ECF No. 1. As

discussed Sec. II.B.1.b.ii, if this claim is only against the DOC, it cannot go forward because the DOC is not a "person" for purposes of § 1983.

###   III. LEAVE TO AMEND

When dismissing a complaint, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff may be able to cure the defects noted above by fully explaining which of his rights were violated, how Defendant Anderson was acting under color of state law, clarifying who the defendants are for each count, providing facts about when the relevant defendant(s) learned of Plaintiff's lawsuit, and stating whether Plaintiff suffered a harm or chilling effect as a result of the various alleged instances of retaliation, and if a legitimate correctional goal behind the allegedly retaliatory acts existed. Because Plaintiff is a *pro se* litigant, he is "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*). If Plaintiff intends to proceed with his lawsuit, Plaintiff needs to fully state his § 1983 claim(s). Any amended complaint must be complete within itself without reference to any other documents not attached to the amended complaint.

###   IV. MOTION TO APPOINT COUNSEL

Plaintiff is not entitled to counsel under statute. *See* 18 U.S.C. §§ 3006A(a)(1)–(2) & (j). Nor is he entitled to counsel under the Constitution. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985). However, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). This decision is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation omitted). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation

of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Id.* (internal quotation omitted). A "likelihood" does not mean that success is certain—or even probable. Rather, the Ninth Circuit has equated a "likelihood of success" with "possible merit." *See Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 925 (2017) (remanding for the appointment of counsel on the basis of, among other things, "possible merit" of plaintiff's claims); *see also Solis v. Cty. of L.A.*, 514 F.3d 946, 958 (9th Cir. 2008) ("there may well be merit to [plaintiff's] claims").

The court finds that the claim concerning medical treatment presents complex legal issues because it can only proceed against Defendant Anderson, who may or may not be able to avail himself of a qualified immunity defense. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."). The court finds that Plaintiff will likely struggle to articulate his claims in light of the complexity of the legal issues involved.

However, if a qualified immunity defense is available to Dr. Anderson, then the likelihood of success on the merits on this claim is low, due to the substantial protection qualified immunity provides. Currently, there are not enough facts before the court currently to ascertain if Defendant Anderson is likely to have qualified immunity available to protect him.

The court also finds that the First Amendment retaliation claim(s) and due process claims regarding the disciplinary proceedings are complex. Plaintiff will have to satisfy five elements for each count of retaliation, and potentially respond to the same qualified immunity defense that

may be available to Dr. Anderson. The court therefore finds that Plaintiff will likely struggle to articulate his claims in light of the complexity of the legal issues involved.

As with the first claim, though, if qualified immunity is available, then Plaintiff's likelihood of success on the merits is low. Additionally, proving that there was no legitimate correctional goal behind an alleged retaliation is a high bar. However, there is almost no information before the court about who the defendant(s) are as to these claims. The court is therefore unable to make a determination about likelihood of success on the merits.

As such, the court DENIES the motion, at this time, without prejudice. Plaintiff may renew his motion if he files an amended complaint that addresses the deficiencies detailed above. *See supra* Section III.

### V. CONCLUSION

For the reasons set forth above, the court GRANTS Plaintiff's Application to waive filing fees but DISMISSES the Complaint with leave to amend. Plaintiff must file his amended complaint within thirty (30) days of this order. Failure to timely file an amended complaint within thirty (30) days shall result in an automatic dismissal of this case.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Aug 16, 2023**